IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | : | |
| Plaintiff, | : | |
| v. | : | |
| URS CORPORATION, et al., | : | CIVIL ACTION |
| Defendants, | : | No. 05-4175 |
| and | : | |
| TRISTATE ENVIRONMENTAL MANAGEMENT SERVICES, INC., improperly impleaded as TRISTATE ENVIRONMENTAL SERVICES, INC. t/a TRISTATE PROBING & DRILLING, INC., | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| KBN GENERAL CONTRACTING, et al., | : | |
| Third-Party Defendants. | : | |

**Baylson, J.**                                                                                                       **June 14, 2007**

**MEMORANDUM**

**I.    Introduction**

Presently before the Court is Third-Party Defendant, United States Postal Service's ("USPS" or "Postal Service") Motion to Dismiss the Third-Party Complaint.  Initiated in August, 2005, this case has been in suspense since May 31, 2006 while the parties conducted settlement negotiations under the supervision of Magistrate Judge Strawbridge.  USPS's motion essentially pleads sovereign immunity in this case, and seeks to dismiss Count V of the Third-Party Complaint.  As the Court is satisfied that USPS has not waived its sovereign immunity, the

Motion will be granted for lack of subject matter jurisdiction, and Count V of the Third-Party Complaint will be dismissed with prejudice.

II.     **Background**

    A.     **Factual Background**

This case arises out of activities conducted in preparation for the sale of property by USPS to the University of Pennsylvania.  In order to comply with regulations of the Pennsylvania Department of Environmental Protection, USPS entered into a contract with Defendant URS to perform environmental remediation and closure of underground storage tanks located at USPS's 30th Street "Vehicle Maintenance Facility" ("VMF" or "Property").  URS subsequently subcontracted to Tristate Environmental Management Services, Inc. ("TriState") the job of drilling and installing groundwater monitoring wells.  The well locations were determined, in part, based on areas "marked out" by another subcontractor, KBN General Contractors ("KBN"), to indicate the presence of underground utility cables and conduits.  Despite this precaution, TriState's drill struck some of Amtrak's communication and signal cables.  The resulting damages to Amtrak precipitated the instant suit.

    B.     **Procedural History**

Plaintiff, National Railroad Passenger Corporation ("Amtrak"), filed its Complaint (Doc. No. 1) on August 4, 2005 against URS Corporation, URS Group, Inc. (collectively, "URS"), TriState, ABC Corporation and John Doe.  In addition to a cross-claim against URS (Doc. No. 6), TriState also filed a Third-Party Complaint against USPS and others (Doc. No. 15).  The case was subsequently placed into suspense (Doc. No. 25) on May 31, 2005 while settlement conferences continued before Magistrate Judge Strawbridge.  USPS filed its Motion to Dismiss

the Third-Party Complaint (Doc. No. 37) on October 13, 2006, to which TriState responded (Doc. No. 41) on October 27, 2006. Although settlement negotiations continue, the Court has been requested to rule on the USPS jurisdictional defense.

### C. Third-Party Complaint

TriState's Third-Party Complaint makes allegations against several defendants. Count V alleges negligence only by USPS, and is the only count relevant to the instant Motion. According to TriState, USPS contracted with URS to perform services associated with the installation of groundwater monitoring wells beneath the Property.[1] (Third-Party Compl. ¶ 10.) URS, in turn, subcontracted various tasks to other companies, including the task of drilling to TriState. (See id. ¶ 15.) TriState claims that USPS and URS directed TriState where to drill on the Property. (Id. ¶ 16.) Accordingly, Count V asserts that any damages sustained by Amtrak during the drilling ultimately resulted from the negligence, carelessness, and/or recklessness of USPS. (Id. ¶ 64.) TriState claims USPS should have already known the location of any utility or communication facilities on its property, failed to exercise reasonable care in locating all such facilities, and failed to confirm whether URS had done so either. (Id. ¶¶ 66-69.)

## III. Parties' Contentions

### A. USPS

USPS seeks dismissal for lack of jurisdiction and for failure to state a claim. USPS first contends it has not waived sovereign immunity, and so the United States is the only proper party

---

[1] Paragraph 10 of the Third-Part Complaint claims Amtrak hired URS; however, the Court wonders whether this reference is a typographical error. All other arguments made by the parties with respect to the instant Motion, as well as documentary evidence offered in support of the parties' contentions, indicate USPS, not Amtrak, contracted with URS.

under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. This is an attack of jurisdiction on the face of the complaint in that USPS claims this Court lacks subject matter jurisdiction on the face of the Third-Party Complaint because the wrong defendant has been named. USPS further argues the limited nature of the FTCA's waiver of sovereign immunity deprives the Court of subject matter jurisdiction because the United States is only liable for the negligent or wrongful acts of its employees acting within the scope of their employment, and not for the acts of independent contractors, such as URS or TriState.

In furtherance of its claim, USPS stresses that since subject matter jurisdiction in fact is also at issue (rather than subject matter jurisdiction on the face of the complaint, as described above), the Court need not presume the plaintiff's claims as true. USPS claims TriState bears the burden of proof that jurisdiction exists, and has failed to meet that burden. According to USPS, TriState has not made any credible assertions that USPS employees had the necessary expertise in, or exercised the necessary control over, the drilling operations. Instead, USPS maintains it relied on the professional expertise of its independent contractors, URS and TriState, and did not exercise day-to-day control over TriState's activities.

Finally, allowing, *arguendo*, the possibility the FTCA waives sovereign immunity in this case, USPS asserts TriState's negligence claim must fail under the applicable substantive law of Pennsylvania. According to USPS, any duty it may have had to determine the existence or location of underground cables was satisfied as a matter of Pennsylvania state law by contracting that work to URS. As such, USPS asserts TriState has failed to state a claim upon which relief can be granted.

B.      **TriState**

TriState contends it properly named USPS as a party because USPS has, in fact, waived sovereign immunity.  According to TriState, Chapter 39 of the United States Code (regarding the United States Postal Service) allows USPS to sue and be sued in its official name, 39 U.S.C. § 401(1), and specifically provides for the application of the FTCA to USPS.  39 U.S.C. § 409(c). Therefore, the United States need not be named as a party since USPS has been properly named. Accordingly, TriState argues that subject matter jurisdiction exists in this case.

As to the sufficiency of the evidence supporting subject matter jurisdiction, TriState does not dispute that the Court may weigh the evidence, but nevertheless contends it has met its burden to establish jurisdiction because the Third-Party Complaint alleges negligence on the part of USPS employees, and the negligent hiring and supervision of URS.  TriState argues that it is undisputed that USPS hired and supervised URS, and so allegations of negligent hiring and supervision suffice to establish subject matter jurisdiction.

TriState disputes the characterization of the allegations which lead to USPS' assertion that TriState has failed to state a claim.  Instead, TriState characterizes its claim against USPS as stemming from the negligence of USPS employees acting within the scope of their employment, not the negligence of URS or TriState.  According to TriState, this not only answers the assertion that USPS is not liable under the FTCA for the acts of independent contractors, but also refutes the argument that USPS satisfied its duty to exercise reasonable care in contracting for, and directing, the drilling operations on its property.

**IV.   Discussion**

      **1.   Legal Standard**

The bulk of USPS's Motion is devoted to the issue of this Court's subject matter jurisdiction under the FTCA. On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). In determining whether the plaintiff has met its burden on a factual attack of subject matter jurisdiction, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen v. First Federal Savings and Loan Association, 549 F.2d 884, 891 (3d Cir. 1977). Moreover, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

      **2.   USPS's facial challenge to subject matter jurisdiction**

USPS first argues against subject matter jurisdiction on the ground that it has not waived sovereign immunity. "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (*quoting* United States v. Sherwood, 312 U.S. 584, 586 (1941)). Under 28 U.S.C. § 1346(b), district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . , for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . ." It is the United States which waives sovereign immunity rather than a particular governmental agency: "The authority of any federal

agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title . . . ." 28 U.S.C. § 2679(a).

TriState claims that Congress has, in fact, waived the Postal Service's sovereign immunity by enacting a "sue or be sued" clause at 39 U.S.C. § 401,[2] notwithstanding the language of 28 U.S.C. § 2679(a) quoted above. TriState contends a "sue or be sued" clause creates a presumption of waiver of sovereign immunity which may be rebutted by showing that such a waiver would either (1) be inconsistent with the statutory scheme, (2) gravely interfere with a governmental function, or (3) be inconsistent with the plain purpose of Congress to use "sue or be sued" in a narrow sense. Nagy v. United State Postal Service, 733 F.2d 1190, 1193 (11th Cir. 1985) (*citing* Federal Housing Administration v. Burr, 309 U.S. 242, 245 (1940)). Not cited by either party is Franchise Tax Board of California v. United States Postal Service, 467 U.S. 512 (1984), in which the Supreme Court held, "not only must we liberally construe the sue-and-be-sued clause, but also we must presume that the [Postal] Service's liability is the same as that of any other business." Id. at 520.

The cases on which TriState relies, as well as Franchise Tax Board, predate the enactment of 28 U.S.C. § 2679 (effective 1988). The limitation of waiver which § 2679(a) represents has abrogated those decisions. The Postal Service statutes also provide, "The provisions of chapter 171 [the FTCA] and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c); Myers & Myers, Inc.

---

[2] "The Postal Service shall have the following general powers: (1) to sue or be sued in its official name . . . ." 39 U.S.C. § 401.

v. United States Postal Service, 527 F.2d 1252 (2nd Cir. 1975).  While TriState suggests this language allows a plaintiff to name USPS as a party to a tort suit, the court in Myers & Myers clearly held, "[o]nly claims 'against the United States' are included within the Federal Tort Claims Act jurisdiction."  527 F.2d at 1256 (*citing* 28 U.S.C. § 1346(b)).

TriState attempts to distinguish Myers & Myers from the instant situation on the grounds that the plaintiffs in that case were alleging negligence on the part of the Postal Service in performing a discretionary function, whereas TrisState's claims are for the negligent performance of acts which USPS expressly undertook.  The discretionary function issue is irrelevant to the applicability of Myers & Myers because the Second Circuit dismissed the suit against all defendants except the United States on sovereign immunity grounds.  Id.  The court's ultimate decision did rely on an analysis of a "discretionary function" exception to the FTCA, but the analysis only applied to the United States, after the court had already dismissed the case against USPS.  See id. ("As against the United States, however, appellants make three arguments to take the case out of the 'discretionary function exception' . . . .").

Courts in this District have relied on Myers & Myers as stating a blanket rule that the FTCA only allows claims against the United States.  In Leicht v. MVM, No. 03-4344, 2004 WL 1638132 (E.D. Pa. July 22, 2004) (Bartle, J.), the district court ruled on several motions, including a motion to dismiss by federal government agencies for lack subject matter jurisdiction over a claim for the tort of "Concert of Action."  Where the named defendants included the United States Marshall Service and the Department of Justice, the district court held, "only the United States, but not any of its officials, employees or agencies, may be sued under the FTCA."  Id. at *12.  Accordingly, the court, relying on Myers & Myers, dismissed the claims against the

federal agencies for lack of subject matter jurisdiction.  Id.; see also Brown v. United States Post Office, No. 01-6462, 2002 WL 511466, at *1 (E.D. Pa April 4, 2002) (Kelly, J.) (FTCA applies to tort actions against the Post Office, but the United States is the only proper defendant).

**V.      Conclusion**

From the foregoing it is clear the USPS is not a proper party to this suit.  As the Court is satisfied that subject matter jurisdiction over any claim against USPS is lacking on the face of the Third-Party Complaint, the Court need not address the parties' arguments related to either the factual challenge to subject matter jurisdiction, or USPS's assertion that TriState has failed to state a claim upon which relief can be granted.  Therefore, Count V of the Third-Party Complaint will be dismissed with prejudice for lack of subject matter jurisdiction.  An appropriate order follows.

O:\CIVIL\05-4175 AMTRAK v. URS\05-4175 AMTRAK v. URS MTD 3d-party complaint.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) | : : : | CIVIL ACTION |
| v. | : : | |
| URS CORPORATION, et al. | : | NO. 05-4175 |

## ORDER

AND NOW, this 14th day of June, 2007, it appearing to the Court that the above entitled case should be transferred from the Civil Suspense File, it is hereby ORDERED that the Clerk of Court transfer said case from the Civil Suspense File to the current docket for final disposition.

It is further ORDERED that upon consideration of the Motion of the United States Postal Service to Dismiss the Third-Party Complaint (Doc. No. 37), and Third-Party Plaintiff TriState's response thereto, it is hereby ORDERED that the Motion is granted. Count V of the Third-Party Complaint is dismissed with prejudice, and USPS is dismissed as a party.

BY THE COURT:

s/Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.